May it please the court, I'm Alexandra Manbeck, attorney for the appellant. This case involves a sentence, what's called a sentence six remand of a Social Security application. The appellant respectfully submits to the court that in such a sentence six remand case, the appellant or the Social Security applicant has 90 days from the date of the court entry of judgment to file for an EHA fee petition. The applicant's position is Supreme Court case, especially the Melkonian v. Sullivan case, in which the Supreme Court clearly stated that in a sentence six remand, the applicant has 30 days from the time that the In so doing, the Supreme Court specifically recreated the Ninth Circuit court decision stating that under Rule 4A of the Appellate Rule of Civil Procedure, the applicant has only 30 days from the period of the entry of judgment of the district court to file for a fee petition. The Supreme Court did not distinguish between two types of sentence six remand, the one in which there was litigation or one in which the commissioner of Social Security agreed to the applicant's position or the claimant's position after, say, a review of the administrative proceeding and then award the fee. In a typical sentence six remand, in fact, in almost most of the cases, Your Honor, the case is remanded to the Social Security administration, to the commissioner, and following either a hearing at the administrative level before an administrative law judge or sometime upon review by the Appeal Council or the ALJ would award benefit, and then the commissioner would go back to the district court and file for an entry of judgment. So in most of these sentence six cases in which the applicant filed for EAJ fee petition, there is no litigation involved. It's usually a procedural, some administrative procedural processes that are followed. Counsel, your position, as I understand it, is that the 30-day filing period for the EJA action doesn't begin until the time for taking the appeal expires. That's right, Your Honor. Okay. And you've got a 60-day period for, that you contend the government had 60 days to file an appeal. That's right, Your Honor. So your time doesn't, your 30 days doesn't begin to run until after the 60-day period expires. That's right, Your Honor. But how could the government take an appeal in a case into which the commissioner had consented to the judgment? Your Honor, the commissioner could have changed his mind. The commissioner also, the commissioner, and also the Commissioner changed his mind after consenting to a judgment? But the, also, the appellant could have also appealed within that 60-day period, even if the commissioner has agreed Who's the appellant here? The appellant, the Social Security appellant could have 60 days, even if the commissioner agreed Your client could have appealed. Yes, Your Honor, that's the point. If your client had filed an appeal here from a consent judgment? They, he or she could have. But that's within your control. Either You can extend the time for filing attorney's fees by deciding whether to file an appeal in a case in which you've won? Your Honor, in the typical Social Security case, even when the appellant, well, the applicant obtained all the benefits, they still could have filed an appeal, based on the fact that the benefit that were being sought may not be extended long enough, because usually in the award, in the notice that's sent to the applicant, even in a case in which an applicant obtained all the benefits that he or she applied for, there's usually a statement from the Social Security Administration stating that you could have appealed this decision, even if it were in your favor. And also Counsel, let me just get something clear, because when Judge Biberly was talking about the consent to the judgment, is it your argument that the consent came after the judgment? I notice in the government's brief, they make no reference to the January 28th order. They then consented, and then there was evidently a mistake and another order filed. But I thought your argument was the consent did not come before the order. It came after, and that, therefore, it was too late. Yes, Your Honor. Our point is that in a typical Sentence 6 case, the government or the commissioner usually files some kind of order with the district court, and then either side has some kind of finding with the district court, and then the district court would either approve or not approve. So the Supreme Court in Melkonian clearly states that after the period of appeal has expired, which is a 60-day period, then that's when the 30-day fee application starts to run. Also, the other consequence of the government position, of taking the government position, is that the court would revert to the case of ---- Counsel, do we have two judgments issued here? Yes. Excuse me. Yes, Your Honor. One on January 28th and one on February 5th. Actually issued by two different district judges. The second one by Judge Burns and the first one by Judge Battaglia. And the first was before the consent and the second was after the consent. The government filed a consent after the court has entered a judgment, Your Honor. And so for that reason, on April and then on February 23rd, the district court confirmed the judgment. Our position, Your Honor, is that if the government position is adopted by the court, then the Ninth Circuit or the court would revert to the case that was specifically repudiated by or reversed by the Supreme Court in Melkonian, which is the McDonnell case. Can I have one minute? I'm sorry, Your Honor. Which is a McQuiston v. Marsh case in which the Ninth Circuit held that the appeal period run from the date of the court entry of judgment, like 30 days. The Supreme Court has specifically reversed that ruling and citing also the legislative history, which I refer to the court. The House of Representatives, in discussing the amendment of the EHA Act, stated that, in some cases, settlement does not necessarily produce an order but a dismissal with consent. The court should avoid an overly technical construction of these terms and this section should not be used as a track for the unwary, resulting in the unwarranted denial of fee. If the government position is adopted by the court, there are going to be two types of Sentence 6 remain. The one in which there will be some contest. In fact, they're going to be the one in which there will be some contesting thing involved. Your time is up. Do you want to have a final sentence? Yes, Your Honor. I would say that the – if the court adopts the government position, it's going to reverse – it's going to be a contravention of the Supreme Court holding in Melkonian, and it's also going to create a new rule that all Sentence 6 remain in which the Commissioner filed a consent would be subject to a 30-day filing period instead of a 90-day filing period. Thank you, counsel. Thank you. Good morning. My name is John Cusker. I represent the Appalachian and Barnhart Commission of Social Security. The issue the court must consider is whether the Equal Access to Justice Act, the EAJA application here, was timely filed. The Commissioner's position is that it was not timely filed. We contend that the entry of judgment, either one, was a final and not appealable judgment as defied in the EAJA. Counsel, let me interrupt you right there. When you said either one, your brief failed to mention the order of January 28th, after which you consented. Are you claiming – I mean, you cited the Slavin case, but the Slavin case dealt with consent before judgment was entered, so I think it's inapplicable. If the judgment has already been entered, how can we reasonably consider that the judgment was a result of your consent? The judgment was entered before your consent. Let me give a short answer to that. The judgment was, in fact, an affirmation of the Commissioner's decision awarding supplemental security income benefits to the claimant. So even absent a consent by the Commissioner in the case of the earlier judgment, the Commissioner is not an aggrieved party and could not appeal her own decision. But frankly, I must admit to the Court that neither the district court below nor counsel in this case considered that earlier judgment. Had you received that judgment by the time that the government issued its consent? I don't recall that we were aware of that earlier judgment. How did we end up with two different district judges issuing – And there was a change of judges, exactly. I don't believe that the district court's eejit order even refers to the earlier judgment. You know, isn't this a good illustration of why the most sensible thing to do might be just to take the Supreme Court literally in Milconian and construe it as adopting a flat rule for Section 6 cases so that you won't have these problems depending on whether the government files a consent, when it files a consent, whether it just doesn't oppose a motion, whether it makes a motion or the defendant does, whether it remains silent or files something? Don't you think the Supreme Court – or isn't it a reasonable construction to say when they said, in Sentence 6 cases, the filing period doesn't begin? That's a general rule and it doesn't begin until there's a final judgment and the appeal period runs. Now, if you read, and the appeal period runs, as referring to what the appeal period is when there is an appeal, and that's under Rule 4, that period runs. It doesn't say what happens if there is no appeal period in the particular case, but if you get a judgment and the time for an appeal runs, you don't have to determine whether – who could have taken an appeal, under what circumstances, any of that. You just have a nice flat rule for Section 6 cases. As they say, as I understand practically, if we adopted your rule, what the Court did in Melconian would rarely apply at all, because most of the cases are not cases where there's really a dispute after the decision. Your Honor, I respectfully disagree. A case that's remanded under Sentence 6 could come back to the Court with two possible outcomes. It could be a decision that's favorable to the claimant, or it could be an unfavorable decision. If the decision is unfavorable to the claimant, the commission's decision still has to be filed with the Court, along with the transcript of record and so forth, and then there may be litigation, and the outcome may or may not be favorable to one side or the other, and then there would be the possibility of appeal. And in most of the cases that deal with this matter, we are dealing with cases in which there's still some possibility of further litigation and a possible appeal. But in this case – But in the cases where the government – where the applicant wins below, then you're saying in those cases you always have a 30-day appeal. I'm sorry, a duty period. To file for attorney's fees whenever the applicant has won below. What we're arguing here is that – No, but just to answer that question so I understand, is it your position that when the applicant wins below, because you said the government can't appeal that, so your position is that the only time you have the extra 60 days is if the government has won. I think that correctly states the position. Because – Okay, so you're reading the sentence of Malconian, which says in sentence 6 cases, the filing period does not begin until after the post-remand proceedings. That sentence you're reading is to apply only in cases in which the government has won. Only the cases in which an appeal could properly lie. If the Congress had wanted to allow a 90-day period for the filing of major fees, they would have said so. But what the Congress said was that it had to be filed within 30 days of a final judgment that was not appealable. And this judgment here was not appealable. Why not? It was not appealable by either party because neither party was aggrieved by the entry of the judgment. And it was not appealable because the judgment was entered by consent. Consent came after the judgment was entered. The January 28th judgment. That's what was – that's my question here. Well, it's clear from – Your position, I thought, was that whether there's a consent or not is irrelevant because the government can't appeal. Well, I believe that's also true. We did not argue that in our brief view. I thought the consent was simply a reaffirmation that the commissioner here had already issued a decision in December saying on further reflection, the claimant here is entitled to relief. And so we're going to grant relief. Once you do that, then there's nothing for the government to appeal because the government itself has said, yes, it's time to award benefits here. That's true, Your Honor. Our position would be most strongly that once the government had consented to entry of judgment, whichever judgment it is that we're talking about, that it's clear that the government could not withdraw that consent and then appeal it. But you also said you can't appeal a decision in favor of the claimant. Is that correct? Well, in this case – No, no, just in general. If the claimant wins after it's sent back on a second six remand, you said the commissioner's bound by that. Well, the commissioner has administrative remedies prior to returning to court with the final decision. But that period had passed by the time that we had the judgment here. Okay. So once you get to court and there's a decision that's favorable to the claimant, you say that type of case is never appealable. When a commissioner has issued a decision, I don't see how the commissioner in good faith could contest a wrong decision. What you're saying is that in Section 6 cases, what the Supreme Court should have said, in certain 6 cases in which the government wins, the filing period does not begin until after the appeal period has run. But where the claimant wins, it begins as soon as the entry of judgment occurs. In sentence 6 cases in which the commissioner has awarded benefits, winning and losing because these Social Security adjudications are not adversarial is – In Section 6 cases, is it possible for the commissioner to deny benefits, come back to the district court and lose following a Section 6 remand? Yes. In that case, then, the government would have lost. That is that the commissioner would have said, we don't think that benefits are owing here. The district court would disagree. And in that case, then, the government could take an appeal. But where it goes back to the commissioner and the commissioner says, well, it's a good thing we took a second look at this record because you're right and the claimant is entitled to benefits here, then there's nothing for the government to appeal. It's over at that point because the commissioner has said benefits are owing. That's true. And I just want to finish by saying that this case is clearly distinguishable from the precedents, from the cases that are cited by Paul. This has been a long time since Melconian. Have there been any cases in which courts of appeals have had this problem? I'm not aware of any published case that actually decides this issue. There are unpublished cases in which district courts decide this issue. It's not a unique situation. It's a situation which learned counsel should have realized, opposing counsel, that this case was not appealable and that under the rules of the statute itself, that the time for filing the Egypt petition began 30 days after the entry of the final judgment, which was not appealable the date that it was entered. And it was not appealable, as I explained, for several reasons. Well, several times they say, and the appeal period has run. And the question is, does that mean that if there's no appeal period it's done immediately or does it mean you still let what the appeal period is run? And even if you can't appeal or it's doubtful or we don't know whether you can appeal or whatever, you wait until after there's a judgment and the period has run. Well, I think that's clear from the statute itself. Melconian was not addressing an issue of this kind. Melconian was addressing an issue in which it wasn't even clear what kind of remand had been ordered by the court. But it still nevertheless set forth the rule for Section 6 cases. It did set forth such a rule, but it was not necessary for them to consider under the facts before them. Well, it may not be necessary for the Supreme Court to do a lot of things it does, but we generally follow it anyway. True, but I would argue that the statement should not be taken literally in light of what the statute itself says. Well, taking it literally would simplify a lot of problems. It would make it a nice clear rule for all Section 6 cases in accordance with what the court said. But I would argue the one reason that this matter has not resulted in any published cases is that there really is not much cause for confusion out there. Further, there's nothing in the statute that says that a party has to wait for 60 days even when there is a proper appeal possible. Well, the party may not have to wait, but whether the party is penalized, if the party, thinking that the party is following Melconian, waits 60 days, that's the question here, isn't it? Whether or not that's permissible. Right. Whether they can properly wait 60 days for a judgment that couldn't be taken is precisely what's the issue. And I would argue that the court should not be rewriting the statute. But you say the judgment that could not be taken. I go back to my whole question about consent that came after the judgment, not before. You're quite right. If the consent came before the judgment, then the Slavin case would apply. But it did not. It came after the judgment, and that's the difficulty that I'm having with this case. Well, the district court ruling on the EJIA matter doesn't appear to have taken that prior judgment into account. I'm not sure that I have a copy of it. But I would contend that what we did here was when the commissioner consented to entry of judgment, that that consent terminated any possibility of the commissioner contesting the judgment, if we were referring to the one below. I don't believe that the U.S. Attorney and I were aware of the prior judgment, but I can't say that as the January judgment. Yeah, well, it was not mentioned in your brief, and that's why I ask. Right. Another one seems to have considered it. It would appear that the switch in the judges and the later entry of judgment are really the factors, the facts that the court should be looking at, not the earlier judgment. That could well have been a clerical mistake. Correct. Since there were two judges, the second judge didn't know the first judge had already entered judgment. Well, thank you for your response. Thank you. I'm a little confused by the clock here. It seems to be counting up. Well, you're well over. Well over. Thank you. I think you used your time, but we'll give you one minute if you want. Your Honor, I only would like to add or repeat the argument I made before, is that if the government position is adopted by the court, it's going to create a lot of complexities, because in each case in which there's a sentence that's remained, the applicant would have to decide whether if the government consent, then the applicant has only 30 days to file for fee, or if the applicant or if the government does not. Counsel, you could have filed a defensive application for EJA, right? You could have filed one even if you thought it might be premature. You could have filed within 30 days. No, Your Honor, because I thought from reading Malconian and from my experience. But you could have looked at EJA. You knew that you had 30 days. You had a final judgment here. You could have gone in within 30 days, filed your petition, and then if you discovered later on that the government was going to appeal, you could either refile it or ask that the court hold it over until the appeal was resolved. Your Honor, it's just because my previous experience with the commissioner in previous sentences came usually. I've never had this bill with this firm. This is the first time in which the commissioner took this position. I've done 10 years of litigation against the Social Security Administration, and all previous sentence cases, I always had 90 days. Did you ever have one in which the commissioner awarded? Yes, Your Honor. I mean, there was a case in which the party stipulated their consent. Did you ever have one in which the commissioner decided on his own or her own to award the benefits? Yes, Your Honor. I can go back to my case and try to find such a case. But we had a case just right the year before in which the court approved a settlement between the party and the attorney for the plaintiff. It was a class action. We filed it within the 90 days period. We didn't file it within the 30 days period. So relying on the reasonable construction of the statute and my prior experience with the commissioner, I always thought that these are 90 days period because, like I stated to the court, if the government position is adopted, we will have to have two sets of rules, one for the one in which the commissioner consented to award benefits and in which there was some contest going on. And it's going to create an extra layer of complication in the computation of the law when the Supreme Court has already set out in Melkonian the 90 days rule. All right. Thank you, counsel. Thank you, Your Honor. The case just argued will be submitted.
judges: Reinhardt, D.W. Nelson, Bybee